James A. Lee, Appellee, v. Wm. Richmond *et al.*, Appellants.

Deed: DELIVERY ON CONDITION: NONPERFORMANCE: RELIEF. Where a deed to real estate was executed and delivered by a father upon condition that a criminal prosecution instituted by the grantee against the grantor's son should be stopped, but such proceedings were not stopped as agreed, *held*, that there was no delivery of the deed, and the grantor was entitled to have the same canceled in equity.

*Appeal from Cass District Court.*—Hon. N. W. Macy, Judge.

Friday, January 26, 1894.

Action in equity for the cancellation of a conveyance of real estate. There was a hearing on the merits, and a decree in favor of the plaintiff. The defendants appeal.—*Affirmed.*

*Geo. A. Holmes* and *L. L. De Lano* for appellants.

*J. F. Smith* for appellee.

ROBINSON, J.—The defendants, William Richmond and George W. Fulton, for some years carried on a commercial business at Council Bluffs under the name of the Boston Tea Company. James T. Lee, a son of the plaintiff, was employed by them as clerk for about three years. In July, 1888, and while he was so employed, the defendants caused him to be arrested on a preliminary information which charged him with the crime of embezzlement. While he was under arrest, and before the examination was held, he had an interview with Richmond, in which he admitted that he was guilty of the offense charged, but expressed a desire to settle the matter, and agreed to telegraph to his father, who resided at Keokuk, to come to Council Bluffs. On the next day, Saturday, July 14, he learned that his father could not come, and informed Richmond of the fact. On Sunday, the defendants visited him at his home, and spent several hours there. On the same day, Richmond, James T. Lee, and his wife started for the home of the plaintiff, where they arrived Monday. An interview was there had, at which the plaintiff and his wife, the son and his wife, and Richmond were present during all or a part of the time. It resulted in the execution by the plaintiff and his wife to Richmond of a deed for three lots in the town of Atlantic for the specified consideration of two thousand dollars. The deed was given to Richmond, and was recorded in the office of the recorder of Cass county. The plaintiff asks that the deed be canceled, and for general equitable relief. The district court decreed the deed to be void, and that the title to the lots was vested in the plaintiff.

The plaintiff alleges that the deed was executed in consequence of the representations of Richmond, for himself and Fulton, that James T. Lee had embezzled a large sum of money; that they had filed an informa-

tion against him, in which he was charged with the embezzlement of money and goods to the value of five thousand dollars; that the embezzlement had been confessed by him; that the defendants were his friends, and that for the sum of three thousand dollars they would dismiss the information, and restore him to his employment, and he would have no further trouble; that, if the sum of three thousand dollars was not paid at once, the prosecution would be carried on, and he would be sent to the penitentiary. The plaintiff further claims that at that time he and his wife, who is the mother of James T. Lee, were old and feeble; that he was sick; that both were much disturbed and frightened by what was said to them, and not knowing the facts, and having no knowledge of such matters, they believed what Richmond said to them; that, when the deed was executed, Richmond agreed to submit it to Fulton, and, if it was not satisfactory to him, to return it to plaintiff, but that, if it was satisfactory, the criminal prosecution of his son would be dropped and ended. Some of these claims are denied by the defendants, but the preponderance of the evidence shows the following facts: Until James T. Lee and wife and Richmond arrived at the house of the plaintiff, he did not know of the charges against his son. He was then about seventy years of age, had been in poor health for several years, and was confined to the house. He was subject to attacks of nervousness, and had been suffering from one for several days. Richmond told him that the amount of the embezzlement was six thousand dollars, but the defendants would drop the prosecution for three thousand dollars; that the preliminary hearing was set for the next day, and would be prosecuted, unless a settlement was effected. The son was present, but did not deny the charge of embezzlement which Richmond made. The father and mother were much frightened, and desiring to protect their son, and

avoid the scandal of a criminal prosecution, finally consented to give the deed in question, if it would end the prosecution, and, with notes of the defendants to the amount of about nine hundred dollars, which the son held and proposed to surrender, would effect a complete settlement of the matter in controversy. The deed was delivered under an agreement to that effect, and on condition that, if it was not satisfactory to Fulton, it was to be returned to the plaintiff. The notes held by the son were surrendered to the defendants, but the prosecution of the son was not stopped, although after the case reached the district court, and after an indictment had been returned, it was dismissed on motion of the county attorney for want of sufficient evidence to convict. The deed was retained by the defendants, but they insisted that the plaintiff should give his promissory notes for the sum of one thousand dollars, which were sent to him repeatedly for his signature.

It is said that, if the claims of the plaintiff be well founded, he conveyed his property for the purpose of compromising a criminal prosecution, and that, as that object was illegal, the law will leave all parties to the transaction where it finds them. We should hesitate long before refusing the plaintiff relief on that ground, in view of the weakness of his body and mind, the threats made, and the fear he was under when the deed was given. *Meech v. Lee*, 46 N. W. Rep. (Mich.) 397. But we prefer to place our conclusion upon the ground that the condition on which the deed was given to Richmond was never complied with, and that the deed was not in law delivered, and, therefore, has not taken effect as a conveyance. We refer to the condition that the deed and the notes surrendered by the son should be received in full settlement of the claims made against the son by the defendants. Conceding that some of the provisions of the agreement were illegal, yet the deed was not to be regarded as delivered, unless the

settlement attempted was approved by Fulton, and, as it was not approved by him, there was never, in law, any delivery, and the deed is without effect. *Steel v. Miller,* 40 Iowa, 406; *Bershire v. Peterson,* 83 Iowa, 198; *Head v. Thompson,* 77 Iowa, 267; *Deere v. Nelson,* 73 Iowa, 187. The fact that some portions of the agreement were illegal would not operate to annul the conditions and make the delivery complete. Since the deed was never delivered, nothing can be claimed under it. The decree of the district court is in harmony with our conclusions, and is AFFIRMED.