L. W. BACON, RESPONDENT, v. JOHN H. McCHRYSTAL AND ANOTHER, APPELLANTS.[1]

PAROL PURCHASE OF LAND.—ACTION FOR MONEY HAD AND RECEIVED.—WITHDRAWAL OF QUESTION FROM JURY.—In an action to recover money paid by plaintiff under a parol contract of purchase of land, it appeared that the defendant, with whom

---

[1] Rehearing denied August 31, 1894.

the contract had been made, had no title; that plaintiff demanded a return of the money so paid, which was refused; that after the action was brought, the other defendant, the holder of the title, tendered plaintiff a deed on condition that the latter pay an additional $400, the balance of the contract price. Before suit was brought defendant promised to return the money paid him. *Held*, that as plaintiff was entitled to recover, since the defendant with whom the contract was made had no title to the land, and since the other defendant who held title did not tender the deed for nearly two months after the suit was commenced, it was not error to withdraw from the jury all questions as to such oral contract of purchase.

(No. 483.  Decided July 27, 1894.  37 P. R. 563.)

APPEAL from the District Court of the Third Judicial District, Hon George W. Bartch, *Judge.*

Action by L. W. Bacon against John H. McChrystal and Noah McChrystal to recover money paid John H. McChrystal under a parol contract for the sale of certain land by the latter to plaintiff. From a judgment for plaintiff against defendant, John H. McChrystal, the latter appeals. *Affirmed.*

*Messrs. Bennett, Marshall & Bradley* and *Mr. Morris M. Kaighn,* for appellants.

*Mr. O. W. Powers, Mr. Ogden Hiles* and *Mr. D. N. Straup,* for respondent.

SMITH, J.:

This is an action brought by respondent to recover from appellants $1,200, paid as part of the purchase price under a parol contract for the sale and purchase of land, with interest thereon from the date of payment, and the sum of $5.18, taxes paid on the land by respondent.  Judg-

ment was rendered against John H. McChrystal, from which he takes this appeal.

The court instructed the jury to the effect that they were to disregard the evidence which had been received showing a parol contract for the sale of land, and this instruction was excepted to by the appellant, and is the chief point relied upon on this appeal. The record discloses the fact that the respondent made an oral agreement to purchase certain land from the appellant, John H. McChrystal. The entire consideration for the land was $1,600, $1,200 of which was paid by the respondent at different times before the commencement of this suit. It turned out that John H. McChrystal did not have title to the land he had sold, but the title was in Noah McChrystal, the other defendant. Plaintiff demanded a return of the money paid. Failing to obtain it, he brought this action. Some six weeks afterwards, Noah McChrystal executed a warranty deed to the plaintiff of the land which was embraced in the verbal contract, and offered to deliver it to plaintiff, provided plaintiff would pay an additional $400, which plaintiff refused to do.

About the facts above stated there is no dispute in the record. There is evidence tending to prove that before the suit was brought, and before any tender of the deed was attempted, and in fact before Noah McChrystal ever made a deed, or offered to make one, John H. McChrystal promised, unconditionally, to return the money he had received. This, however, is disputed, or at any rate not so clearly proven as the other facts in the case. Under such circumstances, was it error for the court to withdraw from the consideration of the jury all questions as to the oral contract for the purchase and sale of land? We think not. It is no doubt settled by the weight of authority that money paid under a contract void by the statute of frauds may be recovered by the person who

pays the same from the person to whom it is paid, in an action for money had and received, such as this is. It is also true that the great weight of authority is to the effect that such an action cannot be maintained if the person who receives the money under such contract, void by the statute, offers to fully perform the contract on his part. In other words, if a person selling land by a verbal contract, as in this case, has a perfect title himself, and offers to convey it to his vendee upon demand, the vendee cannot complain that the contract is void because the other party, who is the one that is required to be bound by writing, agrees to perform, and does not seek to avoid it; but in such case, in order that the offer to perform may be a defense to the action, the offer should be made in apt time, and should be made by some person competent to perform.

In this case there are two undisputed facts which prevent such defense from being made by the appellant: First, he had no title to the land; and, second, the deed which was offered by Noah McChrystal, who held the title, was not tendered until nearly two months after this suit had been commenced. Under such circumstances, it can hardly be claimed that the appellant was prejudiced by the refusal of the court to submit the question to the jury as to whether or not there was in fact a verbal contract for the sale of land. It would seem from the record before us that the verdict is right; being for the amount of money actually paid to the defendant John H. McChrystal, and for which the plaintiff has, up to the present time, received absolutely nothing. We think the judgment should be affirmed, and it is therefore ordered that the judgment be affirmed, with costs.

MERRITT, C. J., and MINER, J., concur.