UNION INVESTMENT COMPANY, Appellant, vs. EPLEY, Respondent.

*November 16—December 5, 1916.*

*Bills and notes: Conditional delivery: Right to have note returned: Holder in due course: Bank chargeable with knowledge which its cashier has: Pleading: Variance: Evidence.*

1. In an action upon a promissory note the answer is *held* not to admit that the note was given in consummation of a completed purchase by defendant of certain corporate stock, but in effect to allege a conditional delivery of the note under an arrangement by which it was to be returned to him if he decided not to buy the stock; and there was no fatal variance between such answer and defendant's testimony although the latter showed that the agreement actually made was expressed in different words than those alleged.

2. A finding by the trial court in such action that the note in suit, together with a stock certificate issued in defendant's name and assigned by him in blank, was left with the cashier of the bank to which the note was payable (who was also the president of the corporation issuing said stock) to be held by him until defendant decided whether or not he would purchase the stock, and that the note was to be returned to defendant if he decided not to make the purchase, is *held* to be sustained by the evidence.

3. Under the circumstances stated the note did not become a complete contract *in præsenti*, and defendant was entitled to its return upon notifying said cashier of his election not to purchase the stock.

4. The payee bank, in such case, was chargeable with the knowledge which its cashier had of the incomplete and revocable character of the note, and the delivery of the note by the cashier to the bank, which thereupon credited it to the corporation whose stock was involved in the transaction, did not render the bank a holder in due course.

APPEAL from a judgment of the circuit court for St. Croix county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

This is an action to recover $500 with interest at seven per cent. on a promissory note given by the defendant and

made payable to the People's State Bank, dated February 16, 1906. On October 4, 1908, after the note was due, the bank transferred it to the plaintiff.

It appears that one C. N. Gorham was the cashier and one of the general managing officers of the People's State Bank of Hudson, Wisconsin, and was vested with the usual authority of such a bank officer for the conduct of the banking business. During the time here in question he was also president of the Wisconsin Blue Grass Land Company, a corporation, and as such officer had general charge and management of the business of the corporation. In February, 1906, Gorham entered into a verbal agreement with the defendant whereby the defendant was to sign a promissory note for $500 drawn payable to this bank, for which he was to receive certificates of stock in the Wisconsin Blue Grass Land Company of the value of $500; defendant was to make an assignment in blank of these certificates, and both the note and certificates of stock so signed were to be held by Gorham until the defendant should notify him as to whether or not he (defendant) wanted to purchase such stock, and that if defendant decided to purchase such stock the note was to become binding and valid; but if the defendant should decide not to purchase the stock the note was to be returned to him at his request and be of no force. In accordance with this agreement the defendant signed both the note and the blank assignment of the certificates of stock and left them in the possession of Gorham. On the same or the following day Gorham deposited the note with the bank, and the bank under his directions credited the land company with the value of the note.

In the following April, 1906, the defendant, pursuant to the verbal agreement with Gorham, notified Gorham that he had decided not to purchase the stock in the land company and demanded return of the note. The note was never returned to the defendant and the certificates of stock were not

delivered to the defendant at any time. On the 25th day of February, 1910, the plaintiff commenced this action on the note. In the year 1909 the Wisconsin Blue Grass Land Company went into the hands of a receiver and the People's State Bank of Hudson, Wisconsin, discontinued business.

The circuit court found in favor of the defendant, and judgment was entered dismissing the complaint and that the defendant recover his costs and disbursements of the action. From such judgment this appeal is taken.

*Spencer Haven,* for the appellant.

For the respondent there was a brief by *McNally & Doar,* and oral argument by *W. F. McNally.*

SIEBECKER, J. It is contended by plaintiff that the court erred in admitting evidence, under the issues raised by the pleading, to the effect that the defendant and Gorham had agreed upon a conditional delivery of the note and the blank assignment of the stock. This claim rests upon the ground that defendant by his answer has admitted the making and delivery of the note and blank assignment of stock in consummation of a complete sale of the stock to defendant. The allegations of the answer deny specifically that defendant was indebted to the People's State Bank as alleged in the complaint charging that defendant on February 16, 1906, became indebted to the bank on the note in question for money loaned by it to him. The answer further alleges that Gorham on this day called at defendant's place of business and solicited the defendant to purchase stock of the Blue Grass Land Company; that defendant declined to purchase such stock, whereupon Gorham "offered to take a note for said sum of $500, payable to said People's State Bank, due in one year from date, *and that if at any time said defendant was not ready or inclined to pay for said stock, that the said People's State Bank would take said stock and return and*

*cancel defendant's note,* and under these circumstances and pursuant to this agreement said defendant did sign and put into the possession of said C. N. Gorham a writing in the form of a promissory note for $500 running one year from February 16, 1906, . . ."

It is manifest that these allegations do not allege that defendant purchased the stock nor do they necessarily import that the note was given in consummation of a completed purchase and sale of the stock; but the idea conveyed by the language of the allegations is that defendant was to have the right to buy or not to buy the stock, which necessarily implies that there was no consummated sale of the stock. We consider that the trial court, under the facts alleged in the answer, properly received the evidence disclosing the transaction actually entered into by the parties, and that there is no fatal variance between the allegations of the answer and the evidence of defendant on the subject. It is obvious that the pleader did not set out the exact words of the alleged agreement, and the evidence shows the agreement actually made was expressed in different words than those alleged. Under these conditions there is no case of real variance presented.

The plaintiff also assails the court's finding to the effect that the note and blank assignment were held by Gorham upon the agreed condition that he was to hold them until the defendant decided whether or not he would purchase the stock. We think the evidence sufficiently clear to support the trial court's finding of fact on this issue. The record sustains the conclusion that Gorham and defendant agreed that defendant should sign the note and blank assignment of stock, that they were both to be held by Gorham until defendant notified him whether or not defendant decided to purchase the stock, and if defendant decided to purchase the stock then the note was to be delivered in consummation of the stock purchase, otherwise the note was to be canceled and

returned to defendant. Under these circumstances the note did not become a complete contract *in præsenti*. The defendant, having notified Gorham of his election not to purchase the stock, was entitled to the return of the note. Such a note has no validity between the original parties until the conditions upon which manual tradition thereof was made have been satisfied. *Hodge v. Smith,* 130 Wis. 326, 110 N. W. 192; *Paulson v. Boyd,* 137 Wis. 241, 118 N. W. 841; sec. 1675—16, Stats. 1915.

It is urged that the People's State Bank was a holder of the note in due course. Sec. 1676—22, Stats. 1915 (Negotiable Instrument Law), defines who is a holder in due course. One of the incidents to constitute the holder of a note one in due course is "That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." Sec. 1675—16, Stats. 1915, provides: "Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, . . . delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument." We are satisfied that Gorham had possession of the note knowing that it was incomplete and revocable until its delivery when defendant elected to purchase the stock. Under these circumstances it was his duty to communicate this information to the bank, and the bank is chargeable with the knowledge of Gorham as its active officer pertaining to the transaction whereby it became the holder of this note. 7 Corp. Jur. p. 530, Banks and Banking; *Paulson v. Boyd,* 137 Wis. 241, 118 N. W. 841; *First Nat. Bank v. Burns,* 88 Ohio St. 434, 103 N. E. 93, 49 L. R. A. n. s. 764, note; *Central B. & T. Co. v. Ford* (Tex. Civ. App.) 152 S. W. 700; *Loring v. Brodie,* 134 Mass. 453.

It must be held that the note did not become effective in the hands of the People's State Bank and that the plaintiff, becoming holder of it after it was over due, holds it subject to the same infirmity and defect that existed against it in the hands of the bank, and under the facts found plaintiff is not entitled to recover on the note.

*By the Court.*—The judgment appealed from is affirmed.