## SMITH v. BROWN

No. 3030.   Decided May 8, 1917.   (165 Pac., 468.)

1. BILLS AND NOTES—ISSUES, PROOF, AND VARIANCE. Answer *held* sufficient to permit proof that note sued on was delivered upon condition, and that there was want and failure of consideration.   (Page 31.)

2. EVIDENCE—CONDITION PRECEDENT TO EXECUTION OF NOTE. Under the Negotiable Instruments Act (Laws 1899, c. 83), as between original parties, defendant could prove allegations of his answer that note sued on was delivered upon condition.   (Page 32.)

3. BILLS AND NOTES—DEFENSE—WANT OR FAILURE OF CONSIDERATION. In payee's action on a note, evidence was admissible to substantiate

answer alleging want and failure of consideration in view of Comp. Laws 1907, section 1580, allowing such defense, as against any person except a holder in due course.   (Page 32.)

4.  CORPORATIONS—SUBSCRIPTIONS—VALIDITY—PROFITS FROM CORPORATE STOCK.  Agreement that plaintiff would look to profits from stock in payment for such stock purchased for himself and defendant in consideration of defendant managing the business was neither illegal nor unreasonable.   (Page 33.)

5.  BILLS AND NOTES—WANT OF CONSIDERATION.  If plaintiff agreed to look to profits of stock in payment for such stock purchased for himself and defendant in consideration that defendant manage the business, he had no personal claim against defendant, and there was no consideration for a note given by defendant to secure such payment.   (Page 33.)

6.  CONTRACTS—ADDITIONAL AGREEMENT—NECESSITY OF NEW CONSIDERATION.  Where a party is already bound to do a particular thing and refuses to perform until the other party enters into a new agreement, the latter is not binding in the absence of a new consideration. (Page 34.)

Appeal from District Court, Second District; *Hon. N. J.* *Harris*, Judge.

Action by Charles H. Smith against W. D. Brown.

Judgment for plaintiff.   Defendant appeals.

REVERSED and REMANDED, with directions to grant new trial.

*Boyd, De Vine & Eccles* for appellant.

*Jno. E. Bagley* for respondent.

FRICK, C. J.

The plaintiff brought this action to recover upon a promissory note.   The complaint is in the usual form.   The defendant, in his answer to the complaint admitted "the execution" of the note, but denied its delivery, and denied "the indebtedness therein alleged."   Among other things, the defendant also averred in his answer that "said note was given without consideration"; that it was given "by reason of the fraudulent representations of the plaintiff," setting forth the circumstances in detail.   The defendant also averred that several months prior to the execution of said note the plaintiff, by

certain promises, induced the defendant to enter into the business of selling and handling grain and other farm products; that to accomplish the plaintiff's purpose in that regard a corporation known as the Western Grain & Brokerage Company was organized; that before said corporation was organized it was agreed that plaintiff would subscribe for 7,500 shares of the capital stock of said corporation of the par value of $1 each; that 3,750 shares of the said 7,500 shares should be issued in the name of the defendant; that the number of shares was thereafter increased so that both the plaintiff and the defendant each held 3,900 shares of the capital stock of said corporation; that it was agreed that the plaintiff should advance all the money to pay for said capital stock, and that the defendant should manage and conduct the business affairs of said corporation, and that plaintiff was to be repaid the amount advanced by him for said 3,900 shares of defendant's stock out of the first profits derived from said business, and "not otherwise"; that, in addition to the money plaintiff advanced for the stock as aforesaid, he also agreed to furnish such additional funds as might be necessary to carry on the business of said corporation; "that thereafter the plaintiff herein requested of the defendant the execution of some written agreement showing the conditions herein set forth, and under which this defendant accepted and held such stock, and that prior to the execution of the note herein the plaintiff turned over to the defendant, in pursuance of such agreement, all of said stock; that such an agreement was prepared, but never executed, and that after consideration the plaintiff desired and requested that the defendant herein execute a note for the amount, par value, of such stock, together with interest, the same being the note in question, but with the agreement and understanding between the parties hereto at such time that such note would simply be an evidence of the amount to be paid by the defendant from the profits of such business, and that, relying upon said representations of the plaintiff herein, and the further statement at such time by the plaintiff that unless such note was executed so that he would have some evidence of the amount due from the defendant to the plaintiff

that he would not advance further and necessary funds to carry on such business, that, relying upon such representations, and not otherwise, the defendant executed such note; that thereafter the plaintiff absolutely refused to advance sufficient and necessary funds to successfully and properly carry on said business, as agreed upon by all of the parties in interest, and as a result thereof said company become indebted and insolvent, and its affairs were entirely closed up, and that there were not sufficient assets to pay any of the stockholders therein any distributive share or dividend above the indebtedness of said company''; that the defendant, relying on plaintiff's said promises, entered into the business relations aforesaid, and thereafter managed said business and executed said note for the reasons stated, and not otherwise. While the answer contained other averments, yet the foregoing are sufficient to show the nature of the defenses relied on. While the plaintiff filed a reply, yet, under our statute, no reply was either necessary or proper. It is therefore unnecessary to make further reference to the pleadings.

At the trial the defendant assumed the burden of proof and opened the case. When he attempted to establish the averments of his answer by the testimony of the defendant and other witnesses plaintiff's counsel, as appears from the bill of exceptions, interposed the following objection:

''Mr. Bagley: I object to that. I object to it on the grounds that it is immaterial, irrelevant, and incompetent and as an attempt to vary and contradict the terms of a written instrument.

''The Court: Objection sustained.''

The defendant duly excepted.

The foregoing objection was interposed and sustained to every question asked by the defendant's counsel and to all offers to prove the averments of the answer made by them. The defendant was thus not permitted to introduce any evidence in support of the averments of his answer, and the court directed the jury to return a verdict in favor of the plaintiff for the amount of the note with accrued interest. Judgment was entered accordingly, and the defendant appeals.

Defendant's counsel contend that the court committed manifest error in excluding the proffered evidence. They insist that, in view of the averments contained in the answer, they were entitled to show that the note in question was delivered upon an express condition and that it was given without consideration. While the answer is somewhat inartificially drawn and several defenses are intermingled, yet, when the averments contained therein are considered and are given the liberal construction required by our statute, the answer is sufficient to permit the defendant to prove the following state of facts: That long prior to the making of the note the plaintiff had induced the defendant to become a stockholder in a certain corporation which was organized for plaintiff's benefit; that the plaintiff was to subscribe and pay for a certain amount of the capital stock of said corporation, one-half of which was to be issued in the name of the defendant, and the defendant was to manage and conduct the business affairs of said corporation; that the plaintiff was to be repaid the amount he had advanced for the stock issued to the defendant out of the first profits derived from the business of said corporation, and not otherwise; that the plaintiff had also agreed to advance all further sums of money that might be necessary to carry on said business if any was necessary; that he afterwards refused to do so unless the note in question was made; that the note was made and delivered to the plaintiff as evidence of the amount of money he had advanced for the capital stock issued in the name of the defendant and partly because the plaintiff had refused to advance the money he had promised to advance to carry on the business, and which money the plaintiff continued to refuse to advance unless the note was executed by the defendant, and that, after the note was executed, plaintiff nevertheless refused to advance any money, with the consequences set forth in the answer. If, therefore, the jury should have found, as under the issues they might have found, if the evidence supported the averments in the answer, that those were the facts and the conditions upon which the note in question was actually made and delivered,

we cannot conceive upon what theory the plaintiff should prevail in the action. Certainly not as a matter of law.

Under the Negotiable Instruments Act (Laws 1899, c. 83), which is in force in this state, it is settled beyond controversy that as between the original parties it may always be shown that a promissory note was delivered upon condition, or that it was made without consideration, or that the consideration had failed in whole or in part. In 1 Daniel, Neg. Insts. section 68a, the prevailing rule under the Negotiable Instruments Act is stated thus:

"The conflict of authority on the question whether a bill or note can be shown to have been delivered upon a condition precedent is settled in those states which have adopted the statute, whereunder the rule is recognized that a person may manually deliver an instrument, though it be in the form of commercial paper, to another, on its face containing a binding obligation in præsenti of such person to such other, with a contemporaneous verbal agreement that it shall not take effect until the happening of some specified event, and that the paper as between the parties will have no validity as a binding contract till the condition shall have been satisfied."

The foregoing doctrine has been followed by this court in the very recent case of *Martineau* v. *Hanson,* 47 Utah, 549, 155 Pac. 432, and cases there cited. In addition to the cases cited in the foregoing opinion, we especially refer to the following as directly in point under the issues presented in defendant's answer: *Oakland Cemetery* v. *Lakens,* 126 Iowa, 121, 101 N. W. 778, 3 Ann. Cas. 559; *Paulson* v. *Boyd,* 137 Wis. 241, 118 N. W. 841. In both of the cases last cited defenses in their nature similar to those set up in defendant's answer were held good as between the parties to the notes there in question. See, also *Julius Kessler & Co.* v. *Perelius,* 107 Minn. 224, 119 N. W. 1069, 131 Am. St. Rep. 459, and *Union Inv. Co.* v. *Epley,* 164 Wis. 438, 160 N. W. 175. While the question of conditional delivery is not made as clear as it might be in the answer in this case, yet the question is, to some extent at least, involved, and the defendant had a right to have the jury pass upon the evidence to determine that question.

The question whether there was any consideration for the note in question, or whether there was a failure of consideration in whole or in part, was, however, squarely

presented by the averments contained in the answer. Upon that question our statute, Comp. Laws 1907, section 1580, provides:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto whether the failure is an ascertained and liquidated amount or otherwise."

Referring again to 1 Daniel, Neg. Insts., in section 193 the author says:

"Under the statute it is competent to show, under a plea of partial or total failure of consideration, that the purchaser was induced to execute the instrument sued on by false and fraudulent representations of the seller as to the quality, quantity, value, or character of the property which formed the consideration that moved the contract, as that is one mode of showing a failure of consideration, and the title of a person who negotiates commercial paper is defective when he has obtained any signature thereto by fraud, and if the party so defrauded be relieved from liability thereon, it has been held that such fraud makes such paper voidable by all the other persons who signed it, though they did not participate in and were ignorant of such fraudulent conduct at the time they signed it."

Now, under the averments in the answer, it was relevant to prove that in consideration that the defendant should manage and conduct the business of the corporation he was not to become personally liable to the plaintiff for the purchase price of the capital stock issued in defendant's name, and that the plaintiff, in order to compensate himself for the amount he had advanced for that stock, should receive the profits until he was fully repaid the purchase price of that stock. Such an agreement, if entered into, certainly was not illegal nor unreasonable. Every person who subscribes for corporate stock must rely either upon the increase of the par value or price of the stock or on the dividends to be derived from the business as compensation for the money advanced for the stock.

If the plaintiff, as averred by the defendant, therefore had agreed to advance the purchase price of the stock in consideration that the defendant should personally manage and conduct the corporate business, and had agreed to look to the profits of the business to compensate himself for the

amount of money he had advanced for the stock which was placed in defendant's name, he had no personal claim against the defendant, and there was no consideration as between plaintiff and the defendant for the note in question.

True, defendant has averred in his answer that plaintiff promised to advance additional money to carry on the corporate business, and that he would not advance any unless the defendant executed the note in question, and such advancements, if made, constituted part consideration for the note. We do not know what induced those averments in the answer, since from what had been averred before it was quite clear that there was no consideration for the note. We say this because the averments in the answer are clearly to the effect that plaintiff had promised to advance any further sums of money that might be necessary to conduct the business as a part of the original agreement between the parties. If that were true, then plaintiff was already bound to furnish such an amount of additional money as was reasonably necessary to carry on the business. As a matter of law, therefore, he could not impose new conditions upon the defendant. It is elementary that where a party is already bound to do a particular thing, but refuses to do it until the adverse party enters into a new promise without any additional independent consideration, the latter promise is not binding, since it is without consideration. If it be assumed, however, that the defendant executed the note in consideration that the plaintiff should furnish additional money to carry on the business, yet it is also averred in the answer that the plaintiff utterly refused and failed to comply with that promise. The consideration in that respect, if it constituted such, therefore wholly failed. We may therefore view the transactions set forth in the answer from any angle we wish, and if the facts pleaded are true, the defendant, and not the plaintiff, should prevail. As a matter of course we cannot say whether the facts pleaded are true or not true. All that we now pass on is that the defendant had the right to present the evidence in support of his averments to the jury whose

province it was to determine whether they were true or not true.

The judgment is therefore reversed, and the cause is remanded to the district court of Weber County, with directions to grant a new trial and to proceed with the case in accordance with the views herein expressed; appellant to recover costs.

McCARTY and CORFMAN, JJ., concur.