HENRY D. EGGERS, Trustee, Appellant, v. WILLIAM PAUSTIAN, Appellee.

LANDLORD AND TENANT: Voluntary Removal as Defense to
1 Eviction Suit. A landlord, sued by his tenant for wrongful eviction, may show, on the issue whether the tenant's removal was voluntary or otherwise:

   1. That he and the tenant had a mutual, *oral* agreement for the termination of the lease; and

   2. That, prior to any alleged eviction by the landlord, the

tenant had determined to abandon the premises, and was making active efforts to so do.

**FRAUDS, STATUTE OF:** Oral Agreement to Terminate Lease. An oral agreement to terminate a written lease, entered into subsequent to the execution of the lease, is not within the statute of frauds.

**CONTRACTS:** Oral Termination of Lease. A mutual, oral agreement between a landlord and his tenant for the termination of the lease, is supported by a sufficient consideration.

*Appeal from Tama District Court.*—JAMES W. WILLETT, Judge.

DECEMBER 14, 1918.

SUIT upon a note given for rent of real estate. The defendant admitted the note, and pleaded a counterclaim for damages. The damages claimed were predicated upon an alleged eviction of the defendant by the plaintiff from the leased premises, before the expiration of the term of the lease. By the verdict, the damages were allowed to the defendant, and judgment was entered thereon. The plaintiff appeals.—*Reversed.*

*C. H. E. Boardman* and *W. T. Bennett,* for appellant.

*J. R. Caldwell,* for appellee.

EVANS, J.—The term of the lease involved herein extended from March 1, 1915, to March 1, 1918. The lease contained a reservation to the plaintiff of a right to sell the property and to terminate the lease upon the first of March thereafter, by giving 60 days' notice to the lessee. On December 24, 1915, the plaintiff served a written notice upon the defendant, terminating the lease March 1st following, pursuant to the reservation above stated. The defendant vacated the premises on February 28th following, and claimed damages as for an eviction.

The defendant pleaded, also, that the reservation above stated was included in the lease without his knowledge, and by reason of deception practiced upon him by the plaintiff; and he asked for a reformation of the lease by the striking out of such clause. In advance of the trial by jury, the reformation thus prayed by the defendant was decreed by the court. At the time of the trial to the jury, the plaintiff stood before the court without the benefit of such reservation in the lease. The plaintiff denied the eviction, and averred that the defendant vacated the premises voluntarily. He further pleaded that, on the ninth day of October, 1915, on the occasion of his visiting the premises with a proposed purchaser, he and the defendant entered into an oral agreement, whereby the defendant agreed to surrender the lease and vacate the premises upon receiving from the plaintiff a written notice.

I. The plaintiff offered in various ways to prove the alleged oral agreement of October ninth. All such offers were refused, on the ground that the evidence was incompetent, as not being in writing, and that it was within the statute of frauds, and was without consideration, and was immaterial. None of these objections were good. An oral agreement, if any, to terminate the lease, was valid. Consideration was not lacking. Such an agreement operated to release both parties, and the release of one was a consideration for the release of the other. In the light of the whole record, the evidence was quite material. The defendant had alleged in his counterclaim that the notice to quit on December 24th had been served wrongfully and maliciously. The court, in its instructions, charged the jury that, under the evidence before it, such notice amounted to an eviction, and that the defendant was entitled to damages therefor. Manifestly, if the alleged oral

2. FRAUDS, STATUTE OF: oral agreement to terminate lease.

3. CONTRACTS: oral termination of lease.

agreement of October ninth had been proven, it would tend to negative both the alleged malice and the wrongfulness of the notice of December 24th. The evidence ought to have been received.

II. The plaintiff offered in evidence a transcript of certain testimony given by the defendant at the trial of the equity issue in the same case. This evidence was rejected. This evidence tended clearly to show that the defendant's efforts at renting another farm began long prior to December 24th, and that he was then acting under the purpose to vacate the premises at the close of his first year. It follows that such evidence tended to show that the surrender of the premises on February 28th was voluntary, and not as the result of a constructive eviction. The evidence ought to have been admitted.

If the rejected evidence which we have set forth had been received, the court could not have instructed the jury peremptorily that the written notice of December 24th constituted an eviction. Whether, upon the record as made, the instruction was strictly correct, we have no occasion now to consider. For the errors indicated, a new trial must be awarded, and the judgment below is, accordingly,—*Reversed*.

PRESTON, C. J., LADD and SALINGER, JJ., concur.