## DIAMANTI et al. v. AUBERT et al.

No. 4410.   Decided November 30, 1926.   (251 P. 373.)

*H. L. Pratt,* of Price, for appellants.

*King & Schulder* and *Leslie Frazer,* all of Salt Lake City, and *Braffet & Patterson,* of Price, for respondents.

CHERRY, J.

The plaintiffs brought this action against August Aubert,

Mrs. August Aubert, and Andrew Maniotes, to recover damages for the "abandonment" of a lease for a hotel building, and for certain injuries to the boiler or furnace situated in and part of the leased premises. From a judgment in favor of the two first above named defendants, the plaintiffs appeal.

The facts necessary to illustrate the question to be decided are not disputed. The plaintiffs leased the premises involved to the three defendants above named for the period of one year from September 25, 1922, for a rental of $250 per month, payable monthly in advance. The lease contained a stipulation to the effect that if the lessees should abandon or vacate the premises, the same should be relet by the lessors upon such terms as they might see fit, and that if a sufficient sum was not thus realized to satisfy the rent reserved, the lessees would pay the deficiency.

Defendants, as lessees, occupied the premises for eight months and paid the rent. On May 25, 1923, they failed to pay the rent then due, and delivered possession of the premises to the plaintiffs. The plaintiffs had the control of the property until July 14, 1923, during which time it was let by them to third persons, from whom the plaintiffs received the sum of $112 for its use. On July 14, 1923, the plaintiffs, as lessors, and Andrew Maniotes (one of the defendants herein), as lessee, executed a new lease in writing for the premises for a period of 3 months from the date thereof at a rental of $250 per month, which the said lessee unconditionally promised to pay. This lease contained a stipulation which referred to the former lease and the fact that the term thereof had not expired, and provided that in consideration of the payments made and to be made by the lessee, the lessors agree that the former lease be canceled, and all the obligations growing out of said lease from the lessees thereof to the lessors "are hereby canceled and waived." The lessee, upon the execution of the lease paid $250 on account of rent and took possession of the premises.

Upon these facts the trial court concluded that the respondents had been released from the obligations of the lease sued upon and rendered judgment in their favor.

Appellants do not question the scope or meaning of the release, but deny its validity upon the sole ground that there was no consideration for it. This is the only question for decision.

Appellants rely upon the general rule that the performance of, or promise to perform, an existing legal obligation is not a sufficient consideration for a promise given in return (13 C. J. 351; *Smith v. Brown*, 50 Utah, 27, 165 P. 468), and assert that the undertaking of Maniotes to take the premises and pay the rent for the period of three months prescribed by the new lease, was merely doing or promising to do what he was already bound to do under the old lease, and that such could not be a consideration for the release and cancellation of the former lease.

There are numerous reasons why the contention of appellants cannot be sustained. The execution of the new lease to one of the original tenants, and its part performance, amounted to a surrender of the old lease by operation of law, 35 C. J. 1087. In such case a new consideration is not necessary, as the release of one party is the consideration for the release of the other. *Evans v. McKanna*, 89 Iowa, 362, 56 N. W. 527; *Ettlinger v. Kruger*, 76 Misc. Rep 540, 135 N. Y. S. 659; *Eggers v. Paustian*, 184 Iowa, 1250, 169 N. W. 739.

Besides, there was in fact a new consideration for the release. The respective obligations of Maniotes under the two leases differed from each other. His obligation to pay rent under the first lease, at the time the second was executed, was uncertain in amount, because he was bound only to pay $250 per month, less the sum realized by the lessors from reletting the premises. The lessors were bound under the first lease to relet the premises when abandoned or vacated by the lessees, and they had in

fact done so. Besides this, the term of the old lease expired on September 25, 1923. By the new lease Maniotes undertook and promised unconditionally to pay rent at the rate of $250 per month, for a period of three months from July 14, 1923—a term extending nineteen days beyond the term of the former lease. There was thus an additional and enlarged obligation on the part of Maniotes by virtue of the new lease, sufficient to constitute a legal consideration for the release and cancellation of the former lease.

Judgment affirmed.

GIDEON, C. J., and THURMAN, FRICK and STRAUP, JJ., concur.