## RODDY et al. v. CITIZENS' STATE BANK OF COPEVILLE. (No. 10313.)

Court of Civil Appeals of Texas. Dallas. Nov. 17, 1928.

Rehearing Denied Dec. 15, 1928.

John Doyle, of McKinney, and Wynne & Wynne, of Kaufman, for plaintiffs in error.

W. R. Abernathy, of McKinney, for defendant in error.

LOONEY, J. The Citizens' State Bank of Copeville, Collin county, filed suit against J. J. Roddy on two notes for $921.75 and $1,281.84, respectively, and also sued Roddy and C. A. Williams on a note for $1,612. These suits, by agreement of parties, were consolidated. Roddy, in addition to the general issue, filed a special plea to the effect that, the notes were delivered on a condition precedent to their effectiveness as legal obligations; in other words, were conditionally delivered. Defendant Williams adopted the answer of Roddy in so far as same was applicable to the case against him. At the conclusion of the evidence, the court instructed a verdict for plaintiff, and judgment was rendered accordingly, from which this appeal is prosecuted.

Defendants, by appropriate assignments and propositions, complain of the action of the court in excluding the testimony of defendant Roddy, offered in support of the special plea, on the ground that the same would vary or contradict the terms of the notes.

The record discloses that Williams was Roddy's tenant, having charge of a farm near Copeville; that the parties did their banking business with plaintiff, having two ac-

counts, one the individual account of Roddy, the other in the name of C. A. Williams.

If permitted, Roddy would have testified in substance that, about January 1, 1926, he was requested by Mr. Bumpass, cashier of plaintiff bank, to come to Copeville, saying the bank wanted the J. J. Roddy and C. A. Williams accounts arranged and straightened out. When witness reached the bank, the cashier had the three notes in suit drawn, one for $921.75 for the individual account of Roddy, the other two represented the indebtedness of Williams. On being presented with these notes for his signature, witness objected, claiming that they were drawn for amounts in excess of the true indebtedness; that the cashier urged witness to sign the notes, stating that he was expecting a bank examiner and wanted to get the accounts in shape to avoid criticism, and assured witness that, if he would sign the notes, there would be an accounting later, and, if errors or overcharges existed—that is, if the notes, as drawn, were in excess of the real indebtedness, or included any sum for which Roddy was not liable as surety for Williams—corrections would be made and credits to correspond would be entered. With this understanding and, in order to accommodate the cashier, witness signed the notes, which would not have been done except for this agreement.

The excluded testimony tended to support defendants' theory; that is, that the notes were signed for a special purpose, with the understanding that an accounting would be had later, and all errors, if any existed, corrected and the notes reduced to correspond. This evidence, in our opinion, should have gone to the jury for what it was worth.

The Negotiable Instrument Act, art. 5932, § 16, in part, reads as follows:

"* * * As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or endorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. * * *"

In the case of Waters v. Byers Bros. & Co. (Tex. Civ. App.) 233 S. W. 572, 588, this provision was under construction and Judge Boyce, for a majority of the Amarillo court, expressed the view that the statute made no material change in the rule as it existed at common law.

The common-law rule was concretely and clearly stated by Judge Key in Hawkins v. Johnson (Tex. Civ. App.) 181 S. W. 563, as follows:

"* * * The weight of authority seems to support the proposition that parol evidence is admissible for the purpose of showing that a promissory note, though absolute in form, and delivered to the manual possession of the payee, was not intended to take effect as a binding obligation until the happening of a stipulated contingency. [Citing authorities.]"

The case of Allen v. Herrick Hdwe. Co., 55 Tex. Civ. App. 249, 118 S. W. 1157, is in point. Suit was by the payee against the maker on a note, who set up a contemporaneous verbal agreement to the effect that there was to be an accounting at a later date between the parties, and, if this disclosed that the note was in excess of the maker's indebtedness, proper credit would be entered. The court said this plea set up a valid equitable defense and that evidence to support same did not vary or contradict the terms of the note, because it was not intended that the note should be a complete and final settlement. This is the doctrine, both at common law and under the Negotiable Instrument Act, of the following authorities: Meeks v. Holmes Commerce Co. (Tex. Civ. App.) 154 S. W. 365; Williams v. Walter A. Wood Mowing & Reaping Mach. Co. (Tex. Civ. App.) 154 S. W. 366; Street v. J. I. Case Threshing Mach. Co. (Tex. Civ. App.) 188 S. W. 725, 726, 727; Exum v. Mayfield (Tex. Civ. App.) 297 S. W. 607; Burke v. Dulaney, 153 U. S. 228, 14 S. Ct. 816, 38 L. Ed. 698; Union Investment Co. v. Epley, 164 Wis. 438, 160 N. W. 175; 22 C. J. 1148, § 1540. Also for a full annotation see 20 A. L. R. 421, 502.

Roddy makes the further contention that the court erred in directing a verdict for plaintiff because the evidence on the issue as to the existence of the alleged agreement of the bank to obtain the signature of Williams to the note for $1,281.94 was conflicting, and therefore the question should have been submitted to the jury. On this point Roddy testified, in substance, that Mr. Bumpass, cashier, agreed to get Williams' signature to the note, and that he would not have signed same without the agreement. On cross-examination, witness was uncertain whether this conversation took place before or after he signed the note, or whether Bumpass said he would get Williams to sign the note or notes. Bumpass, for plaintiff, denied that any such understanding was had between him and Roddy.

The law is well settled that, where a written contract is delivered upon the understanding that it is not to be binding until signed by another, the failure of such other person to sign destroys the contract, and proof of such fact does not violate the parol evidence rule. Merchants' Nat. Bank v. McAnulty (Tex. Civ. App.) 31 S. W. 1091, 1096; Thomason v. Berry (Tex. Com. App.) 276 S. W. 185, 186; Seattle Nat. Bank v. Becker, 74 Wash. 431, 133 P. 613.

In determining whether a verdict should be directed in a particular case, the trial court should accept as true all evidence supporting the issue and accord to it the most

favorable construction. Burroughs v. Smith (Tex. Civ. App.) 294 S. W. 948, 950. Tested by this rule, the evidence, in our opinion, sufficiently raised the issue, hence the trial court erred in taking the question from the jury.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded for further proceedings.

Reversed and remanded.