WINNSBORO GRAIN & GROCERY CO. et al.
v. MOORE et al.

No. 3949.

Court of Civil Appeals of Texas. Texarkana.
Feb. 12, 1931.

Rehearing Denied March 19, 1931.

J. H. Beavers and R. B. Howell, both of Winnsboro, for appellants.

W. D. Suiter, of Winnsboro, Jones & Jones, of Mineola, and Elbert M. Barron, of Sherman, for appellees.

WILLSON, C. J. (after stating the case as above).

Appellants insist the trial court erred when he instructed the jury to return a verdict in appellees' favor and, such a verdict having been returned, rendered judgment in conformity thereto. The contention is on the theory that if the evidence did not demand it would have supported, (1) a finding that the alleged written contracts sued upon were not binding upon appellants; and (2) a finding that appellants were entitled on their cross-action to recover damages of appellees.

█ The evidence, so far as it is material in considering the first-mentioned ground of the contention, is set out in the statement above. It must be conceded, we think, that it conclusively appeared therefrom that the delivery of the written contracts was a conditional one, the condition being that before the instruments should become effective as contracts they must be signed by Southerland; and that it further so appeared that Southerland never did sign the contracts. It would follow, it seems from the authorities, that the written contracts never became effective. Merchants' Nat. Bank v. McAnulty (Tex. Civ. App.) 31 S. W. 1091; Thomason v. Berry (Tex. Com. App.) 276 S. W. 185; Roddy v. Bank (Tex. Civ. App.) 11 S.W.(2d) 652; Steffian v. Bank, 69 Tex. 513, 6 S. W. 823; Lee v. Richmond, 90 Iowa, 695, 57 N. W. 613; 4 Elliott on Contracts, 1133, § 3910. In the authority last cited, it is said that the actual or physical passing over of a deed from the grantor to the grantee "may not complete the delivery (quoting) in case the parties both agreed that the deed should not become operative until the happening of some future event, or the fulfilment of a condition or provision, such as the approval of the deed by a co-partner or other person having an interest."

██ We do not agree with appellees that if the written contracts were never so delivered as to become effective, it appeared appellants were estopped from so asserting. We have found no evidence in the record of anything appellants said and no evidence of anything they did, unless it was their taking possession of and using the buildings, tending to establish an estoppel against them. On the contrary, it was uncontroverted in the evidence that Southerland refused to sign the contracts and declared he would not sign them unless they were made to include a stipulation binding the owners of the buildings to keep them in repair, etc., and that Wilson, acting for himself and W. C. Moore, declared they would not make any change in the contracts as they were written. Whether it appeared that appellants' possession and use of the buildings were under implied contracts or not and, if under such contracts, what were the rights and liabilities of the parties, need not be determined, for appellees' suit was upon express contracts, and they were not entitled to recover as they sought to on any other kind of a contract. Dyess v. Rowe (Tex. Civ. App.) 177 S. W. 1001; Bagley v. Brack (Tex. Civ. App.) 154 S. W. 247; Whitney v. Parish of Vernon (Tex. Civ. App.) 154 S. W. 264.

█ We think it conclusively appeared from the evidence that the damages to their stock of goods which appellants sought to recover by their cross-action occurred before June 21, 1927; that their cross-action was not commenced until June 24, 1929; and therefore that their right to maintain such cross-action was barred by the two years' statute of limitations. Rev. St. 1925, art. 5526. It follows, of course, that we think said contention of appellants so far as it was predicated on the second ground thereof is without merit and should be overruled.

The judgment will be affirmed so far as it denied appellants a recovery of anything on their cross-action. It will be reversed so far as it allowed appellees a recovery on the written contracts they sued on, and judgment will be here rendered denying them a recovery of anything on said contracts.

### On Motion for Rehearing.

It is insisted in the motion that "the evidence (quoting) was conclusive and uncontradicted that the entire negotiations with reference to the contract were between Wilson and appellant R. H. McCrary," and that this court was in error when it said such negotiations were between appellant J. E. Southerland and Wilson. We think it of no importance whether the negotiations were with the one or the other of the partners, but, to correct an inaccuracy hereby conceded to exist in the opinion, here now state it appeared the oral negotiations of Wilson referred to were not with Southerland alone but with both him and McCrary, and mainly, perhaps, with the latter.

The motion is overruled.