## HARRIS v. WILSTEAD.

No. 7182.   Decided January 11, 1949.   (201 P. 2d 491.)

See 11 C. J. S., Bills and Notes, sec. 647; 7 Am. Jur. 924. Payee as holder in due course, note, 169 A. L. R. 1455.

*Sandgren & Blackham,* of Provo, for appellant.

*George S. Baliff, of Provo,* for respondent.

WADE, Justice.

This appeal is brought by the plaintiff below and appellant herein on the judgment roll.

Appellant commenced this suit to collect the sum of $4,000 on a check issued to him by respondent herein and upon which she had stopped payment. In her answer to appellant's complaint, respondent admitted that she had issued the check and that she had ordered that payment be stopped upon its presentment but denied that the check had been given for a valuable or any consideration. As an affirmative defense, she plead that she had entered into negotiations with plaintiff to purchase certain real property from him and the check was issued to him upon an oral understanding that it was not to be presented for payment prior to July 1st and that in the meantime it was to be used to exhibit to

certain people from whom appellant wished to buy some other property as proof of his financial ability to do so. It was also understood that appellant was to furnish respondent with an abstract of title and a statement from a loan company as to the amount due on a mortgage on the property which was the subject of this oral understanding. That appellant attempted to negotiate the check the same day it was issued and therefore respondent stopped payment on it. She also pleaded that appellant had and still does neglect to perform his part of their oral understanding and that therefore there is a complete failure of consideration for the check.

Plaintiff moved for a judgment on the pleadings which was denied, whereupon the trial was had before the court sitting without a jury.

Appellant contends that the court erred in refusing to grant its motion for a judgment on the pleadings because respondent's answer failed to properly plead failure of consideration or any facts which would constitute a defense to his suit. It is his contention that a mere denial that the check was given for a valuable consideration is only a conclusion of law and therefore an insufficient pleading of failure of consideration. That lack of consideration for a negotiable instrument must be specially pleaded as an affirmative defense, and that respondent's averments that the check was given as a part of oral negotiations for the purchase of a house from appellant and upon the understanding that it would not be presented for payment until the fulfillment of certain conditions were insufficient to constitute such a defense.

With these contentions we cannot agree. Although it might be that a mere denial that the check was given for a valuable consideration is only a conclusion of law, yet respondent's pleadings, although inartistically drawn, were sufficient to allow proof that the check was issued after an oral understanding had been reached

between the parties that appellant was to sell certain real property to her and that the sum represented by the check should be a partial payment for that property, but that it was not to be cashed until July 1st and that in the interim appellant was to supply her with an abstract of title and a statement of the amount due on a mortgage on the property which was the subject of the agreement, that appellant failed to perform these conditions and that he also failed to convey the premises and at the time of the suit appellant still was in default in the performance of his part of the oral agreement. If these facts were proved, it would follow that the consideration failed and appellant would not have been entitled to prevail in his suit for its collection. See *Smith* v. *Brown*, 50 Utah 27, 165 P. 468, 469, wherein this court held the allegations in the answer on a suit for the collection of a promissory note, that "said note was given without consideration" and that its delivery was conditional upon the performance of an oral agreement between the parties, the terms of which were set out, and that such agreement had failed to be performed, was sufficient pleading of the defense of "lack of consideration." The appellant having plead in her answer facts which, if true, would preclude appellant from recovering, the court did not err in refusing to grant judgment on the pleadings.

Appellant further argues that the court erred in failing to make findings of fact on two material issues, to wit: What were the terms of the oral agreement between the parties and was there a conditional delivery of the check pursuant to such agreement.

The court in its findings of fact found that the check was issued on June 27, 1947, and was presented for payment on June 28, 1947, which was refused because payment had been stopped by respondent herein, and that appellant herein was still the owner and holder of the check. The court further found in its finding of fact number 4:

"That the aforesaid check was given by the defendant to the plaintiff as a part of oral negotiations had between the parties on June

27, 1947, for the sale by plaintiff to defendant of a certain home and premises situated at 394 North Third West Street, in Provo, Utah; that the oral understanding had between the parties for the sale of said premises failed and was not carried out, and the defendant feeling insecure stopped payment on the said check, as aforesaid; that thereafter the plaintiff failed to perform the said oral understanding on his part and failed to tender performance or offer to perform the said oral agreement, and said plaintiff advertised the property for sale to others on July 4, 1947, without tendering performance to the defendant, and since July 12 said plaintiff has not been and is not now ready, able, and willing to convey the said premises as specified in the said oral agreement; and that the consideration for the said check has completely failed, and that there is no consideration for same."

From these findings the court concluded that respondent herein was entitled to a judgment against the appellant herein of no cause for action.

In an appeal on the judgment roll this court is concerned only with whether the pleadings, findings of fact and conclusions of law support the judgment. See *Gray* v. *Defa,* 103 Utah 339, 135 P. 2d 251, 155 A. L. R. 495 and *Sandall* v. *Hoskins,* 104 Utah 50, 137 P. 2d 819. If the court's findings which we have set out and the pleadings support the judgment, then any findings of fact which it could have made but did not make but which would not have any effect on the judgment are not material and the court's failure to make such findings would not be error. The court's failure to make any findings on what were the terms of the oral contract was not error because he had found that appellant had refused to perform his part of the contract and therefore its terms could not possibly be material in arriving at the judgment.

The court's findings that an oral agreement had been entered into between the parties hereto for the sale by appellant of certain real property for which the check was given as a part of the negotiations and that appellant had failed to perform or tender performance of his part of the agreement prior to bringing the action,

and that before the entry of the judgment was not ready, able and willing to perform his part of the agreement were sufficient to sustain its conclusion that judgment should be for the defendant in that action, the respondent herein. See *Bacon* v. *McChrystal,* 10 Utah 290, 37 P. 563, 564, where, in an action brought to recover part of the purchase price paid by the buyer on an oral contract to buy certain real property, we held that recovery should have been granted where the defendant had failed to perform his part of the agreement within a reasonable time. In that case we said:

"* * * It is no doubt settled by the weight of authority that money paid under a contract void by the statute of frauds may be recovered by the person who pays the same from the person to whom it is paid, in an action for money had and received, such as this is. It is also true that the great weight of authority is to the effect that such an action cannot be maintained if the person who receives the money under such contract, void by the statute, offers to fully perform the contract on his part. In other words, if a person selling land by a verbal contract, as in this case, has a perfect title himself, and offers to convey it to his vendee upon demand, the vendee cannot complain that the contract is void because the other party, who is the one that is required to be bound by writing, agrees to perform, and does not seek to avoid it; *but in such case, in order that the offer to perform may be a defense to the action, the offer should be made in apt time* * * *."* (Italics ours.)

As we have pointed out above, the court found appellant did not tender performance of his part of the contract and therefore the court did not err by failing to make sufficient findings of fact on all material issues.

Appellant also assigned as errors the court's making erroneous findings of fact and basing its judgment on matters outside the issues. As to the former the case is here on the judgment roll and we have no means of ascertaining whether or not the evidence justified the findings and we can only assume that it did. As to the latter, we have given it due consideration and find no merit to it.

Affirmed. Costs to respondent.

WOLFE, LATIMER and McDONOUGH, JJ., concur.

PRATT, Chief Justice.

Although I concur in this case, I do so with a great deal of hesitancy due to the fact that the pleadings for the defense and the findings of fact are couched in terms of such broad generalities, that one is puzzled to know just what the contractual relationship between the parties was, and how it was breached.