NUNNEMACHER, Respondent, vs. Poss and others, Appellants.

*November 13, 1902—February 3, 1903.*

*Corporations: Promissory notes: Signing: Parties bound.*

A note reciting that "the Gymnastic Association of the North Side of Milwaukee" and "we the undersigned promise to pay," and signed with the corporate name "by P." and others, who were its officers, but without official designation, binds the corporation, and the officers as individuals.

APPEALS from a judgment and an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Judgment affirmed; appeal from order dismissed.*

Two appeals from the circuit court for Milwaukee county, heard together by stipulation of the parties.

Action to foreclose a mortgage. Appellants *Jacob Poss, August Lindenlaub, Frank Gutzmer, B. W. Kuhn* and *Diedrich Thiele,* were joined as defendants with the mortgagor, the Gymnastic Association of the North Side of Milwaukee, a corporation, upon the ground that they were personally liable for the mortgage debt. The mortgage and note were similarly signed. The note was as follows:

"$25,000.00.            Milwaukee, Wis., May 7, 1892.

"Six years after date the Gymnastic Association of the North Side of Milwaukee (called in German 'Der Turn Verein der Nord Seite von Milwaukee') and we the undersigned promise to pay to *Jacob Nunnemacher* or order the sum of twenty-five thousand dollars with interest at the rate of six per cent. per annum, interest payable semi-annually on the 7th days of May and November in each year. Both principal and interest payable at the Merchants' Exchange Bank, Milwaukee, Wis. This note is secured by a real estate mortgage of even date herewith.

"DER TURN VEREIN DER NORD SEITE VON MILWAUKEE, by
                                    "JACOB POSS,
                                    "AUGUST LINDENLAUB,
                                    "FRANK GUTZMER,
                                    "B. W. KUHN,
                                    "DIEDRICH THIELE."

Appellants answered denying that they executed the note otherwise than as officers of the corporation.

Upon the trial it appeared that appellants were, if makers at all, accommodation makers. Evidence was offered in their behalf as to conversations had at the time they affixed their signatures to the instrument as to the capacity in which they acted in the matter, which evidence was ruled out. The court decided that the note was, by its terms, signed by appellants and the corporation as joint makers, and that they were personally liable for the mortgage debt. Judgment was rendered accordingly.

A motion was made after judgment to open the same, and for leave to amend the answer setting up mistake in signing

the note, and for a trial on the pleadings as so amended. The motion was denied and an appeal was taken from the order.

For the appellants there were briefs by *Benjamin Poss,* attorney, and *Nath. Pereles & Sons,* of counsel, and oral argument by *C. F. Hunter.* They contended, *inter alia,* that the court erred in its findings that the defendants *Poss, Lindenlaub, Gutzmer, Kuhn,* and *Thiele* were, in effect, makers of the note accompanying the mortgage, and were therefore personally liable for the mortgage debt. 1 Daniel, Neg. Inst. (3d ed.) § 298; *Draper v. Mass. S. H. Co.* 5 Allen, 338; *Walker v. N. Y. State Bank,* 9 N. Y. 582; *Liebscher v. Kraus,* 74 Wis. 387; *Miller v. Roach,* 150 Mass. 140; *Gleason v. Sanitary M. S. Co.* 93 Me. 544; *Atkins v. Brown,* 59 Me. 90; *Farmers' & M. Bank v. Colby,* 64 Cal. 352; *Robertson v. Pope,* 1 Richardson, 501; *Mott v. Hicks,* 1 Cow. 513; *Rathbon v. Budlong,* 15 Johns. 1; *Roberts v. Button,* 14 Vt. 195; *Castle v. Belfast F. Co.* 72 Me. 167; *Latham v. Houston Flour Mills,* 68 Tex. 127; *Falk v. Moebs,* 127 U. S. 597; *Houghton v. First Nat. Bank,* 26 Wis. 663; *Ballston Spa Bank v. Marine Bank,* 16 Wis. 120; *Reeve v. First Nat. Bank of Glassboro,* 54 N. J. Law, 208; *Bean v. Pioneer M. Co.* 66 Cal. 451; *Barlow v. Congregational Soc.* 8 Allen, 460; *Rice v. Gove,* 22 Pick. 158; *Ballou v. Talbot,* 16 Mass. 461; *Jefts v. York,* 4 Cush. 371; *Long v. Colburn,* 11 Mass. 97; *Emerson v. Providence Hat Mfg. Co.* 12 Mass. 237; *New England M. Ins. Co. v. De Wolf,* 8 Pick. 56; *Morrell v. Codding,* 4 Allen, 403; *Tucker Mfg. Co. v. Fairbanks,* 98 Mass. 101–105; *Brockway v. Allen,* 17 Wend. 40; *Hood v. Hallenbeck,* 7 Hun, 362, 367; *Newmarket S. Bank v. Gillett,* 100 Ill. 254. The court erred in excluding evidence offered by the defendants on the trial to explain the ambiguity on the face of the note. Mechem, Agency, §§ 443, 444; *Kean v. Davis,* 21 N. J. Law, 683; *Deering v. Thom,* 29 Minn. 120; *Pratt v. Beupre,* 13 Minn. 187; *Bingham v. Stewart,* 14 Minn. 214; *Rowell v. Olson,* 32 Minn. 288; *Peterson v.*

*Homan,* 44 Minn. 166; *Souhegan Nat. Bank v. Boardman,*
46 Minn. 293; *Metcalf v. Williams,* 104 U. S. 93; *Whitney
v. Wyman,* 101 U. S. 392; *Hitchcock v. Buchanan,* 105 U. S.
416; *Falk v. Moebs,* 127 U. S. 597; *Baldwin v. Bank of
Newbury,* 1 Wall. 234; *Fuller v. Hooper,* 3 Gray, 334;
*Slawson v. Loring,* 5 Allen, 340; *Produce Exch. T. Co. v.
Bierberbach,* 176 Mass. 577, 589; *Keidan v. Winegar,* 95
Mich. 430; *Kline v. Bank of Tescott,* 50 Kan. 91; *Hicks v.
Hinde,* 9 Barb. 528; *McKensey v. Edwards,* 88 Ky. 272, 3
L. R. A. 397; *Schaeffer v. Bidwell,* 9 Nev. 209; *Merchants'
Bank of Macon v. Central Bank of Ga.* 1 Ga. 419, 429; *La
Salle Nat. Bank v. Tolu Rock & Rye Co.* 14 Ill. App. 141;
*Second Nat. Bank v. Midland Steel Co.* (Ind.) 52 L. R. A.
307; *Hager v. Rice,* 4 Colo. 90; *Hovey v. Magill,* 2 Conn.
680; *Shelton v. Darling,* 2 Conn. 435; *Turner v. Thomas,* 10
Mo. App. 338; *Martin v. Smith,* 65 Miss. 1; *Laflin & R. P.
Co. v. Sinsheimer,* 48 Md. 411; *Benham v. Smith,* 53 Kan.
495; *Stearns v. Allen,* 25 Hun, 558; *Morrill v. C. T. Segar
Mfg. Co.* 32 Hun, 543; *Bush v. Gilmore,* 45 App. Div. 89;
*Schmittler v. Simon,* 114 N. Y. 176; *Babcock v. Beman,* 11
N. Y. 200; *Lee v. Methodist E. Church,* 52 Barb. 116;
*Hardy v. Pilcher,* 57 Miss. 18; *McClellan v. Reynolds,* 49
Mo. 312; *Bean v. Pioneer M. Co.* 66 Cal. 451; *Richmond,
F. & P. R. Co. v. Snead,* 19 Gratt. 354; *Washington Mut. F.
Ins. Co. v. St. Mary's Sem.* 52 Mo. 480; *Reeve v. First Nat.
Bank of Glassboro,* 54 N. J. L. 208; *Cleveland v. Stewart,* 3
Ga. 283; *Traynham v. Jackson,* 15 Tex. 170.

For the respondent there was a brief by *Winkler, Flanders,
Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler.*

The decision was announced November 28, 1902, and the
following opinion was filed December 3, 1902:

MARSHALL, J.   It must be conceded that if the note sued
on is free from ambiguity, it must be taken, without the aid
of rules for judicial construction, as indicating the capacity

in which appellants signed it. It seems to admit, reasonably,. of but one meaning, viz.: that the individuals signed their names, as well as that of the corporation, to the paper as promisors. The language, "The Gymnastic Association of the North Side of Milwaukee, and we the undersigned promise to pay," seems to leave no room for reasonable controversy but that the name of the company was signed to the note in conjunction with such individuals, not merely by them as agents. The words, "we the undersigned," refer unmistakably to persons other than the corporation. There are no parties aside from it, to which, by any·method of reasoning, the words can be said to point, except appellants. The authorities relied on by appellants' counsel to support their contention that there is an explainable ambiguity in the note do not. seem to be in point. In *Liebscher v. Kraus,* 74 Wis. 387, 43 N. W. 166, the language of the note was "we promise to pay," no one being named in the body of the·paper and it being signed thus:

"San Pedro Mining and Milling Company.
                                "F. Kraus, President."

The court held that there was.nothing in the instrument indicating that there was more than one promisor, there being but one signer, and it being quite common to use the plural "we" in referring to an incorporated company, though that is not strictly correct.

Counsel direct our attention to *Draper v. Mass. S. H. Co.* 5 Allen, 338; *Miller v. Roach,* 150 Mass. 140, 22 N. E. 634; *Gleason v. Sanitary M. S. Co.* 93 Me. 544, 45 Atl. 825; *Atkins v. Brown,* 59 Me. 90; and *Farmers' & M. Bank v. Colby,.* 64 Cal. 352, 28 Pac. 118, in each of which cases the plural "we" was used, but not conjunctively with some other person or persons. It was used in a manner clearly indicating that it referred to the promisor signing the paper. Neither of those cases, nor any other to which our attention has been called, justifies the contention that the note before us can

reasonably be read as the obligation of the corporation only. Many cases similar to those mentioned can readily be cited, but none can be found, we venture to say, where two persons named as promisors, conjunctively, in the body of a note, have been satisfied by one in the signature, both persons having signed the paper, because, in form, one signed as agent of the other. No authority of that kind has been found by the attorneys upon either side of this appeal, and we have been no more successful in that field than they. Probably *Healey v. Story,* 3 Exch. 3, is quite as much in point as any case that can be referred to. In the body of the note were these words: "We jointly and severally promise to pay," etc., "on behalf of The Wesleyan Newspaper Association." It was signed by two persons, with the official title of "Directors." In many cases where the note had similar features, omitting the words "jointly and severally," it was held to be the obligation of the corporation only. *Simpson v. Garland,* 76 Me. 203; *Jefts v. York,* 4 Cush. 371; *Jones v. Clark,* 42 Cal. 180; *Haskell v. Cornish,* 13 Cal. 45; *Pearse v. Welborn,* 42 Ind. 331; *Aggs v. Nicholson,* 1 Hurl. & N. 165; *Lindus v. Melrose,* 3 Hurl. & N. 177. But those significant words were held to unmistakably indicate a personal promise on the part of each of the signers of the paper, notwithstanding, in form, they acted for and on behalf of the corporation. That seems to fit the note before us very closely. The naming of the corporation independently of and conjunctively with "we the undersigned," cannot be satisfied without reading out of the paper a promise by the corporation and also one by those referred to by the quoted words.

The motion to vacate the judgment and for leave to amend the answer of appellants, setting up an equitable defense, and for further proceedings upon the amended pleadings, has been considered. We are unable to perceive any abuse of discretion in denying such motion.

*By the Court.*—The judgment is affirmed and the appeal from the order is dismissed.

A motion for a rehearing was denied February 3, 1903.