CRANDALL et al. v. ROLLINS.

(Supreme Court, Appellate Division, Fourth Department.   May 19, 1903.)

1. PRINCIPAL AND AGENT—NOTE GIVEN BY AGENT—PAYEE HAVING NOTICE OF AGENCY.

Where plaintiffs were informed, before a note signed by defendant, with the word "Agt." written after his name, was given them, that defendant was acting as agent for his wife, with authority for so doing, and accepted the note in payment for a horse, defendant was not liable.

Appeal from Trial Term, Erie County.

Action by Margaret I. Crandall and another against Charles L. Rollins.   Judgment for plaintiffs, and defendant appeals.   Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Frank E. Sickels, for appellant.

L. P. Hancock, for respondents.

ADAMS, P. J. This action was brought to recover the sum of $135, the amount of a promissory note dated April 6, 1896, payable one month after date to the order of Crandall & Co., at the Union Bank of Buffalo, which was signed "C. L. Rollins, Agt.," and upon a trial of the issues a verdict was directed at the close of the evidence in favor of the plaintiffs for the amount of such note, upon the ground that the defendant had established no defense to the same.

It appears, without material controversy, that the note in question was given for the purchase of a horse which was sold to the defendant by the firm of Crandall & Co., of which firm the plaintiffs are the surviving partners; that the horse was not purchased by the defendant for himself, but for his wife, H. E. Rollins, who was carrying on business in her own right, but in the name of the defendant as her agent; that at the time the defendant made the purchase he stated this fact to the plaintiffs, told them that his affairs were in such shape that he was doing business for his wife, and that if he bought the horse he would have to give her note, or his own as agent, for the same; that he was asked by the plaintiffs for some reference as to his wife's responsibility; that he referred them to the firm of Walbridge & Co.; that plaintiffs' representative with whom the defendant was dealing thereupon stepped to the telephone, and in a few moments returned, saying that it was all right; whereupon the horse was purchased and the note in suit given.

The evidence also shows, without any question, that the horse was purchased upon a warranty as to its soundness, and that there was sufficient evidence of a breach of such warranty to raise a question of fact for the jury; but, without considering this feature of the case, we think the action can in no event be maintained against this defendant, at least upon the evidence as it now stands; for, as already stated, the plaintiffs were informed before the note was given that the defendant was acting as agent for another, with authority from his principal to so act, and such fact was well understood by the plaintiffs when they accepted the note in exchange for the horse. In these circumstances it is well settled that the principal, and not the agent, is bound by the contract signed in the name of the latter with the word "Agt." added thereto. Haight v. Sahler, 30 Barb. 218; Green v. Skeel, 2 Hun, 485; Morrill v. C. T. Segar Mfg. Co., 32 Hun, 543; Meeker v. Claghorn, 44 N. Y. 349; Hall v. Lauderdale, 46 N. Y. 70; Schmittler v. Simon, 114 N. Y. 176, 21 N. E. 162, 11 Am. St. Rep. 621. It follows that the direction of a verdict in favor of the plaintiffs was error which requires a reversal of the judgment appealed from.

Judgment of county court reversed, and new trial ordered, with costs to the appellant to abide event. All concur.