### 9941

### LUMMUS COTTON GIN CO. v. CAVE *ET AL.*

#### (96 S. E. 94.)

EVIDENCE—PAROL EVIDENCE—NOTE—LIABILITY OF MAKER—INTENT.—In an action against the makers of a note, where the written evidence is susceptible of more than one inference, parol evidence is admissible to show whether the parties intended the makers should be personally bound thereby or merely signed as agents of a corporation to which the payee delivered the consideration.

Before MEMMINGER, J., Barnwell, Fall term, 1916. Affirmed.

Action by the Lummus Cotton Gin Co. against T. S. Cave. Judgment for defendants, and plaintiff appeals.

*Messrs. Brown & Bush* and *J. A. Willis,* for appellant. *Messrs. Brown & Bush* submit: *It was error to permit defendants, after the objection of plaintiff's counsel, to introduce parol testimony tending to show that the note sued upon was executed by them as agents, when their signatures were under seal, and there being nothing to indicate that they acted in any other capacity than individuals:* 27 S. C. 376; Starkie on Evidence 648. *A person contracting as agent will be personally liable, whether he is known to be an agent or not, in all cases, where he makes the contract in his own*

*name:* 27 S. C. 376. *Evidence is admissible on the part of one of the contracting parties to show that the other was agent, though contracting in his own name, and so fix the real principal, but the agent cannot relieve himself of responsibility:* 6 Adol. & E. 486; 27 S. C. 376; 24 S. C. 128; 69 S. C. 93; Story on Agency 269; Greenleaf on Evidence, sec. 277; Benjamin on Sales 219; Starkie on Ev. 648.

*Messrs. G. M. Greene* and *Bates & Simms,* for respondents, submit: *It was clearly established by the documentary evidence that the note sued on was not a distinct entity, but was a part and parcel, with the other agreement and writing of the single contract involving the sale and purchase of the machinery, and as such was properly, under the pleadings, permitted to be established by the Judge on the trial, especially as the whole transaction was between the original parties:* 1 Greenleaf on Evidence, secs. 283-284a; 27 S. C. 380; 16 S. C. 360. *This case does not come within the rule laid down in 24 S. C. 128.*

March 26, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action on a promissory note, of which the following is a copy:

"Note $896. Barnwell, S. C., Aug. 7, 1912. On or before October 23, 1913, we promise to pay to the order of Lummus Cotton Gin Co., of Columbus, Ga., at the Home Bank of Barnwell, Barnwell, S. C., the sum of eight hundred ninety-six and 00-100 dollars, value received, the same being for purchase money due for cotton ginning machinery and other personalty more particularly described in the purchase money contract this day executed by the undersigned, whereby the title thereto remain in said Lummus Cotton Gin Company, until the entire purchase price is fully paid. * * *"

"This note is one of a series of four notes of like date and for amounts and maturing respectively $896, 11—1—12; $896, 12—15—12; $896, 11—1—13; $896, 11—15—13. * * * Witness our hands and seals, T. S. Cave, (Seal); B. L. Easterling, (Seal); P. Butler Hagood, (Seal); G. W. Peacock, (Seal); E. H. Richardson, (Seal); Charlie Brown, (Seal); Harry D. Calhoun, (Seal)."

The defendants denied liability, on the ground that they signed the note as agent of the Farmers Ginnery Company.

The jury rendered the following verdict:

"We find for the defendants on the ground that they were acting for the Farmers Ginnery Company, which was known and agreed to by the plaintiff."

The plaintiff appealed upon exceptions, which assign error on the part of his Honor, the presiding Judge, "in admitting parol testimony on behalf of the defendants, after objection thereto, tending to show that defendants were dealing as agents, and not as principals, in signing the written contract sued on, by the plaintiff."

At the time the notes were made, to wit, on the 14th of June, 1912, the Farmers Ginnery Company had not been incorporated, but such action was then in contemplation. The petition for that purpose was filed on the 26th of June, 1912, and the charter was granted on the 18th of July, 1912. The machinery was shipped to the Farmers Ginnery Company and installed by the plaintiff after the said company received its charter. All the correspondence in regard to the machinery and its repairs, etc., after the corporation of the company, took place between it and the plaintiff. Accounts for repairs were made out against the company. All the other notes mentioned in the contract were paid by the company. The following letter in regard to the note in question was introduced in evidence:

"Lummus Cotton Gin Co., Columbus, Georgia, Oct. 22, 1913. Farmers Gin Co., Barnwell, S. C.—Dear Sir: We

beg to advise that we have this day forwarded to the Home Bank of Barnwell, your city, for collection, your note for $896.00, interest, $91.59, total amount, $987.59, drawn by you in your favor, and due on 11—15—13. As the above note is subject to protest, we respectfully suggest that you make payment promptly at the time and place specified. Yours truly, Lummus Cotton Gin Company."

The date specified in the written contract between the parties herein for the shipment of the machinery was the 15th of July, 1912, but it was not shipped until the 20th of July, 1912, which was after the incorporation of the company. The contract dated the 14th of June, 1912, to which reference is made in the note, mentions the Farmers Ginning Company as the purchaser of the machinery. The fact that the Ginning Company was the purchaser of the machinery is also stated in another instrument of writing, relative to its shipment. The defendants who signed the notes became the corporators of the Farmers Ginning Company. If the defendants had not proceeded to incorporate the Farmers Ginning Company, quite a different question would be presented from that now under consideration. *Meyer v. Brunson,* 104 S. C. 84, 88 S. E. 359.

In the present case the written testimony is susceptible of more than one inference. His Honor, the presiding Judge, therefore, properly allowed parol testimony to show the intention of the parties to the contract. *Watson v. Paschall,* 93 S. C. 537, 77 S. E. 291.

Affirmed.

MESSRS. JUSTICES WATTS and GAGE concur.

Dissenting opinion by MR. JUSTICE FRASER. I dissent. It is true that there is writing to show that the machinery was bought for the Farmers Ginning Company, but there is no writing to show that the makers of the note did not bind themselves individually and personally to pay for it. The law allows one to bind himself in writing to pay the debt of

another. The writings show an absolute obligation to pay this note, and I think parol evidence to contradict that obligation was inadmissible, and the judgment should be reversed.

MR. JUSTICE HYDRICK concurs in the dissenting opinion of MR. JUSTICE FRASER.