### HANSON v. GREENLEAF.

No. 3939.   Decided September 4, 1923.   (218 Pac. 969.)

1. EVIDENCE—ORAL TESTIMONY NOT AVAILABLE TO VARY OR CONTRADICT TERMS OF WRITTEN INSTRUMENT. Oral testimony is not available to vary or contradict the terms of a written instrument.

2. EVIDENCE—IN ACTION ON NOTE BETWEEN ORIGINAL PARTIES, PAROL EVIDENCE IS ADMISSIBLE TO SHOW WANT OF PARTIAL FAILURE OF CONSIDERATION, FRAUD, AND CONDITIONAL DELIVERY. In actions upon notes between the original parties thereto, parol evidence is admissible to show want of consideration, or partial failure of consideration, or fraud in procuring the execution of the note, or a delivery with a condition precedent without the performance of which the note never became a binding obligation, since such testimony does not vary or contradict the terms of a written instrument, but tends to establish the fact that no contract between the parties had ever existed.

3. BILLS AND NOTES—FACTS HELD TO SHOW CONDITIONAL DELIVERY OF NOTE. Where purchaser of mining property organized a corporation to take over the property, and presented a person, who had helped him to procure the property, with a certificate of stock for his services, stating that he would carry all obligations arising out of the issuance of the stock until the sale thereof or the property should realize a profit, and induced such person to sign a note, purporting to be in payment of the stock, by representation that he would attach a contract to the note containing such agreement to carry the obligations until realization of profit, there was merely a conditional delivery of the note, under Comp. Laws 1917, § 4045.[1]

4. APPEAL AND ERROR—FINDINGS WITH SUBSTANTIAL COMPETENT EVIDENCE TO SUPPORT THEM ARE CONCLUSIVE. In an action on

a note, the court's findings are conclusive on appeal if there. is any competent evidence in the record to support them, the action being a law action.

5.  BILLS AND NOTES—EVIDENCE HELD TO SUSTAIN FINDING AS TO
    CONDITIONAL DELIVERY. In an action on a note in which the
    defendant claimed that there had been merely a conditional
    delivery in that plaintiff had agreed to attach thereto a con-
    tract requiring plaintiff to carry all the obligations arising
    out of the issuance of corporate stock to defendant which the
    note purported to be in payment of, until the sale of the stock
    or property of the corporation should realize a profit for the
    defendant, evidence *held* to sustain finding that the plaintiff
    agreed to attach such contract to the note.

Appeal from District Court, Third District, Salt Lake County; *Ephraim Hanson*, Judge.

Action by George T. Hanson against E. N. Greenleaf. Judgment for defendant, and plaintiff appeals.

AFFIRMED.

*Wilson McCarthy* and *Grant H. Bagley*, both of Salt Lake City, for appellant.

*Rich, Rich & Roberts*, of Salt Lake City, for respondent.

---

1 *Martineau* v. *Hanson*, 47 Utah, 549, 155 Pac. 432; *Smith* v. *Brown*, 50 Utah, 27, 165 Pac. 468; *Central Bank of Bingham* v. *Stephens*, 58 Utah, 358, 199 Pac. 1018.

GIDEON, J.

In this action plaintiff seeks judgment against defendant on a promissory note. The complaint contains the usual al- legations found in such cases.

The answer admits the execution and delivery of the note and that the plaintiff is the holder of the same, but denies that there is due the sum asked, or any other amount. For an affirmative defense the answer alleges that in the year 1917 the defendant was approached by a Mr. Clark, who

owned some mining property in the state of Nevada, with a proposition for the sale of that property; that the defendant presented such proposition to plaintiff and his associates, who, at a later date, purchased the property for the price named in the answer; that subsequent to the purchase defendant was informed by plaintiff that by way of remuneration for his services in the matter he (the plaintiff) had reserved for defendant a one twenty-fifth interest, and that he would carry this for the defendant; that thereafter the property was incorporated and defendant was presented with a certificate of stock in the corporation for 19,600 shares; that at or about that time the plaintiff handed to defendant for his signature the note, sued upon; that the plaintiff then represented to defendant that said note was necessary to him as a matter of routine business, merely to show the amount of the purchase price for which the stock had been issued, and that the note would be held by plaintiff and plaintiff would assume and carry all obligations with respect to the stock until a sale of the stock or the property should be had, and that at such time the net proceeds over and above the amount chargeable against the stock should belong to defendant; that plaintiff further represented that he would cause a contract in writing to that effect to be executed and attached to the note; that upon such representations defendant accepted the certificate of stock and signed the note and delivered the same to plaintiff; that, upon ascertaining that the plaintiff had not placed the contract in writing with the note showing the understanding and agreement between plaintiff and defendant, the defendant immediately tendered to plaintiff the certificate of stock and advised plaintiff that he had never agreed to and would not lay out any money on account of said stock or assessments thereon, or other obligations arising by reason thereof, and demanded of plaintiff that he surrender the note and take the stock; that defendant had at all times been ready, able, and willing to deliver to plaintiff the stock, and now tenders the delivery thereof; that plaintiff refused to accept the stock and refused to surrender the note.

The defendant had judgment, and plaintiff appeals.

Numerous errors are assigned. For the purpose of deter-

mining the legal questions presented, it will be sufficient to consider them under three heads: First, that the affirmative answer does not state facts sufficient to constitute a defense to plaintiff's action; second, that the findings of fact do not support the judgment; third, that the findings are not supported by the evidence, or, as contended, there is no substantial competent evidence to support the court's findings. The first two may be considered together. The findings are substantially the same as the allegations of the affirmative defense. The court's third finding is as follows:

"That upon the representations of plaintiff [as set out in the second finding] to defendant that said note was to be held by plaintiff merely as a memorandum for the purpose of showing the amount of the purchase price chargeable against said stock, and upon the representation of plaintiff that he would carry any and all obligations against or arising out of the issuance of said stock to defendant until a sale of the said stock or the property should realize a profit to defendant, as and by way of remuneration for his services, and upon the representation that plaintiff would attach a contract to that effect to the said note, defendant accepted the said stock certificate and signed the promissory note hereinbefore described, and delivered the same to plaintiff."

The legal questions involved are not in doubt. Neither are the authorities respecting the same in conflict. The difficulty encountered always is in making application of the law to varying facts.

It is the universal rule that oral testimony is not available to vary or contradict the terms of a written instrument. It is, however, permissible in an action between the original parties upon a promissory note to defend for want of consideration, or pro tanto for partial failure of consideration; for fraud in procuring the execution of the note; for delivery with a condition precedent without the performance of which the note never became a binding and fixed obligation. These defenses are permissible, not as varying or contradicting the terms of a written instrument, but to establish the fact that no contract between the parties had ever existed.

There is no evidence or finding that there was either a total or partial failure of consideration. Whether the repre-

sentations made by plaintiff, as found by the court, that plaintiff would cause a statement to be attached to the note, thereby inducing defendant to execute the same, contained any, or such elements of, fraud. as would vitiate the note, need not now be determined. The judgment, in our opinion, should be affirmed for other reasons.

In the finding quoted it is stated that plaintiff represented that the note was merely a memorandum for the purpose of showing the amount of the purchase price chargeable against the stock, and that the plaintiff represented that ,he would carry all obligations arising out of the issuance of the stock to defendant until sale of the stock or property should realize a profit for defendant, and stated that he (plaintiff) would attach to the note a contract to that effect; that upon these represenations defendant accepted the stock and signed the promissory note sued on. That finding, if supported, in our opinion, clearly shows a conditional delivery.

There is no claim that any contract was made or attached to the note. The findings of the court are to the effect that the plaintiff subscribed for the stock in defendant's name and stated to defendant that he (plaintiff) desired defendant to have that particular number of shares of stock as remuneration for services rendered in instituting the negotiations which led to the purchase of certain mining property. This mining property was made the basis of the corporation organized. Plaintiff paid to the corporation for this stock the sum of $1,000. It was understood that when the stock was sold plaintiff should first receive that amount of money, and that any excess or profit should belong to and be the property of defendant. If these facts so found are supported by the evidence, then there was a conditional delivery of the note and it did not become a binding obligation unless and until such conditions were performed.

A conditional delivery is a defense authorized by the negotiable instruments law. Comp. Laws Utah 1917, § 4045. That section has been construed and applied by this court in *Martineau* v. *Hanson*, 47 Utah, 549, 155 Pac. 432.

In *Smith* v. *Dolterweich*, 200 N. Y. 304, 93 N. E. 986 (33 L. R. A. [N. S.] 892), the Court of Appeals of New York, in

discussing a question similar to the one here involved, said:

"The question now before us is whether the testimony of the defendant, supplemented by such legitimate inferences therefrom as are most favorable to him, is of sufficient weight and probative force to create a question of fact for the jury, and that question obviously depends upon the nature and effect of the oral agreement to which he testified. If that agreement, which for present purposes must be assumed to have been made, created a condition precedent, without the performance of which the notes never became valid obligations in favor of the plaintiff, then there is a question of fact for the arbitrament of a jury. The converse of the proposition is equally simple. If the effect of that agreement was to ingraft upon a valid contract a condition subsequent, the learned trial justice was right in ruling that the issue was one of law for his decision."

See, also, *Smith* v. *Brown*, 50 Utah, 27, 165 Pac. 468; *Central Bank of Bingham* v. *Stephens*, 58 Utah, 358, 199 Pac. 1018; Daniel, Neg. Inst. (6th Ed.) § 68a, p. 102, and cases there cited.

This is a law action. If there is any substantial competent evidence in the record to support the court's findings, the same are conclusive upon appeal. It is of no moment or consequence that we may be of opinion that the weight of the evidence would have supported contrary findings.

It must be conceded that the testimony supporting the court's findings is somewhat indefinite and not very convincing; but we are not justified in holding, as matter of law, that there is no substantial competent evidence to support the findings. At the time the note was executed the plaintiff and defendant occupied either the same or adjoining offices. They were both working for the same employer, to wit, Allis Chalmers Manufacturing Company. The defendant was under the direction and management of plaintiff. The defendant testified that he was at his desk at the time the note was executed; that the stock had been issued prior to that time. He further testified that some conversation was had between himself and plaintiff as to whether the note represented the correct amount chargeable against the stock, he insisting that the amount written in the note was not the correct amount; that in that conversation he remarked, "Well, there should

be some statement or agreement with this (the note) to show the amount and get it right," and that plaintiff replied "Well we will fix that up or attend to that;" that some additional conversation along that line was had, and the plaintiff said, "Well, that will all work out—we will fix that up—I am going to handle the property myself now;" and that he thereupon signed the note "expecting to have an agreement with the proper amounts worked out that I had paid in assessments which would all be charged against the stock certificate and arrive at the amount that would be called profit." On cross-examination relative to what was said at the. time of the execution of the note defendant was asked this question: "Was anything said at that time with reference to a written agreement?" He answered: "I said, 'I should have some sort of statement or agreement for this note showing what it is for and the nature of it,' and he said, 'We will fix that up.'" The defendant's testimony is corroborated in some particulars by the testimony of the witness Peters. In our judgment the court's findings are supported by this testimony.

Finding no reversible error in the record, the judgment is affirmed.

WEBER, C. J., and THURMAN and CHERRY, JJ., concur.

FRICK, J., did not participate.