### STARLEY et al. v. DESERET FOODS CORPORATION et al.

No. 5889. Decided January 13, 1938. (74 P. 2d 1221.)

Rehearing denied March 18, 1938.

*Louis H. Callister,* of Salt Lake City, for appellant.

*Marion G. Romney,* of Salt Lake City, for respondents.

FOLLAND, Chief Justice.

This is an action on the following note:

"2,500.00                                    November 29, 1929.
   "On or before six (6) months after date, without grace, we promise to pay to the order of Sugar Banking Company, for value received Twenty-five Hundred ............Dollars, payable at 1065 East 21st South Street, Salt Lake City, Utah, without defalcation or discount, together with interest thereon at the rate of 8 per cent per annum from date until maturity, and from maturity until paid before and after judgment at the rate of 12 per cent per annum. All interest payable quarterly.

   "If any installment of the interest be not paid promptly as stipulated, the legal holder of the note may declare the principal due and proceed by law to recover both principal and interest. If this Note is not paid at maturity, the undersigned agree to pay reasonable expense of collection, including attorney's fee.

                                        "Deseret Foods Corp.
   "No. 23043                              By Chas. N. Fehr, Pres.,
   "Due May 29, 1930.                         Grant Morgan."

It was indorsed on the back by David Neff. The payee, Sugar Banking Company, became insolvent and was taken

over by the state banking department for liquidation. The note in suit was among the assets taken over by the bank commissioner. Judgment was rendered against the Deseret Foods Corporation and Grant Morgan, as makers, and David Neff as indorser. Only the defendant Grant Morgan appeals. He contends he signed as secretary of the Deseret Foods Corporation and not individually. Appellant asserts, and it is not denied, that any defenses that could be maintained against the payee may now be urged against the plaintiffs, as they are not holders in due course.

Morgan by answer denied liability and alleged that the corporation was sole maker of the note and that it was accepted by the payee as such. After trial and before decision, the trial court permitted an amendment to the answer in which the defendant alleged that the failure to add the word "Secretary" after his name was because of mutual mistake between the payee and defendant. The court had permitted the defendant to submit all his evidence touching that issue at the trial. The finding of the trial court was that Morgan signed the note in his individual capacity and not as secretary for and on behalf of the corporation; that the word "Secretary" was not omitted after Morgan's signature as a result of mutual mistake. A conclusion of law was also made as follows:

"That the parol evidence offered and received on behalf of the defendant, Grant Morgan, to the effect that he signed said promissory note as secretary of the Deseret Foods Corporation and not in his individual capacity, and as a result of mutual mistake of the payee and said Grant Morgan, does not relieve him of liability as a joint maker, the instrument itself being the sole evidence of the intent of the makers in its execution and delivery."

The note on its face purports to be the joint obligation of the Deseret Foods Corporation and Grant Morgan. Appellant contends that he was entitled to show that he signed the note in a capacity other than as maker; that is, as secretary

of the corporation for the purpose of completing the signature merely. In the absence of fraud, duress, or oppression, parol evidence will not be received to explain or modify an instrument, unless there is something on the face thereof or in the manner of the signature to create an ambiguity or uncertainty as to the liability of the party signing, or unless there was a mutual mistake of fact as to the signing of the instrument. *Coal River Collieries* v. *Eureka Coal & Wood Co.*, 144 Va. 263, 132 S. E. 337, 46 A. L. R. 485; *Farmers' State Bank of Newport* v. *Olaf Lamon*, 132 Wash. 369, 231 P. 952, 42 A. L. R. 1072; *Exchange Bank* v. *Schultz*, 167 Iowa 136, 149 N. W. 99.

In *Roe* v. *Schweitzer*, 55 Utah 204, 184 P. 938, 941, the court stated:

"The law is well settled that where an agent has signed a contract in a personal capacity, that is, executed it in a manner clearly indicating that the liability is his alone, extrinsic proof is not admissible to discharge him from liability upon it. If he personally is, in unambiguous terms, bound to fulfill, he must fulfill."

It is stated in 8 Amer. Jur. p. 217, considering section 20 of the Uniform Negotiable Instruments Act, our section 61-1-21, R. S. 1933:

"Under the provisions of the Uniform Act, it has been held that whenever the form of the paper is such as fairly to indicate in the light of common sense that the maker signs as agent or in a representative capacity for a disclosed person, he is relieved of personal liability if duly authorized. However, it is generally agreed that the determination of the liability of the signer depends upon the construction of a written contract, and that in accordance with the rule in respect of all such contracts, the intention of the parties as derived from the instrument must, if the instrument or signature is not ambiguous or productive of doubt, control the liability of the signer."

Also on page 219 of 8 Am. Jur.:

"In order for an agent to be relieved from personal liability upon a negotiable instrument executed by him within the scope of his authority, he must not only name his principal but must express by

some form of words that the writing is the act of the principal, although done by the hand of the agent."

In the Restatement of the Law of Agency, Vol. 2, p. 718, it is said:

"If the name of the principal appears upon a negotiable instrument and the agent does not appear unambiguously as a party, extrinsic evidence of an understanding that the agent shall not be a party to it is inadmissible as against any holder of the instrument who has notice of the agreement or who is not a holder in due course."

From this it would seem to follow that if the name of the agent does appear unambiguously, then there is no ground for the admission of extraneous evidence to show the intent with which it was signed. In the instrument before us there is no ambiguity, either in the body of the note or in the manner in which it is signed. The words "we promise to pay" and "the undersigned agree to pay reasonable expense" are consistent with such a conclusion. The Deseret Foods Corporation signature is complete, having been executed by the president. The name "Grant Morgan" added no force or effect to the signature of the corporation. Had Morgan's intent been to bind himself as comaker, he would have signed exactly as he did.

Appellant cites many cases tending to show that the words "we promise to pay" are not inconsistent with a corporate signature as sole maker. It is true that the pronoun "we" may in some instances correctly designate a corporate aggregate. But we do not see how that can help the appellant. The word "we" may be consistent with either a sole or a joint obligation, but certainly its use here does not create ambiguity. The note on its face is not ambiguous or uncertain as to who are the makers. There would be no uncertainty or ambiguity unless parol evidence is first introduced to cause such uncertainty.

Appellant cites the following cases to support his contention that parol evidence is admissible to show he signed the note in a representative and not an individual capacity,

on the theory that there is an ambiguity; *Exchange Bank* v. *Schultz*, 167 Iowa 136, 149 N. W. 99; *Belmont Dairy Co.* v. *Thrasher*, 124 Md. 320, 92 A. 766; *Crandall* v. *Rollins*, 83 App. Div. 618, 82 N. Y. S. 317; *G. C. Riordan & Co.* v. *Thornsbury*, 178 Ky. 324, 198 S. W. 920; *Lummus Cotton Gin Co.* v. *Cave*, 109 S. C. 213, 96 S. E. 94; *Hazlett* v. *Willaume*, 76 Fla. 514, 80 So. 309; *Taylor* v. *Fluharty*, 35 Idaho 705, 208 P. 866; *Somers* v. *Hanson*, 78 Or. 429, 153 P. 43; *Wilson* v. *M. E. Zion Church*, 138 Tenn. 398, 198 S. W. 244; *Citizens' Nat'l Bank* v. *Ariss*, 68 Wash. 448, 123 P. 593; *Western Grocer Co.* v. *Lackman*, 75 Kan. 34, 88 P. 527; *Central Bank* v. *Gleason*, 206 App. Div. 28, 200 N. Y. S. 384; *Dunbar Box & Lumber Co.* v. *Martin*, 53 Misc. 312, 103 N. Y. S. 91; *Hoffstaedter* v. *Lichtenstein*, 203 App. Div. 494, 196 N. Y. S. 577; *Germania Nat'l Bank* v. *Mariner*, 129 Wis. 544, 109 N. W. 574; *Lexington State Bank* v. *Rose City Creamery Co.*, 207 Mich. 81, 173 N. W. 481; *Van Norden Trust Co.* v. *S. Rosenberg*, 62 Misc. 285, 114 N. Y. S. 1025; *Carpenter* v. *Farnsworth*, 106 Mass. 561, 8 Am. Rep. 360; *Jump* v. *Sparling*, 218 Mass. 324, 105 N. E. 878; *Myers* v. *Chesley*, 190 Mo. App. 371, 177 S. W. 326; *Megowan* v. *Peterson*, 173 N. Y. 1, 65 N. E. 738; *Paulson* v. *Boyd*, 137 Wis. 241, 118 N. W. 841; *Kerby* v. *Ruegamer*, 107 App. Div. 491, 95 N. Y. S. 408; *Means* v. *Swormstedt*, 32 Ind. 87, 2 Am. Rep. 330; *Burkhalter* v. *Perry & Brown*, 127 Ga. 438, 56 S. E. 631, 19 Am. St. Rep. 343.

These cases may be classified roughly into five groups: The first group would be those cases not in point as to the problem involved here. Such a case is *Paulson* v. *Boyd*, supra. In some of the cases the defendant added the word "agent" or "trustee" or similar word after his name, or the word "by" before his name. This was held sufficient to create an ambiguity. *Crandall* v. *Rollins*, supra, is illustrative where the word "agent" is added. A third class is one in which the corporate name was affixed by a stamp and a blank line left for the executing officer who signed without designating in what capacity. *Dunbar Box & L. Co.* v. *Mar-*

*tin,* supra, is one of this class. The case of *Germania Nat'l Bank of Milwaukee* v. *Mariner,* supra, involves a situation in which the corporate name was written in the note as being the party that promised to pay. In such a case parol evidence was admitted to show that Mariner signed in a representative capacity. A fifth group includes three cases that seem to be directly in point and supporting the position that parol evidence may be introduced to show intent of the signer without any ambiguity on the face of the note. They are *Lummus Cotton Gin Co.* v. *Cave,* supra, *Central Bank* v. *Gleason,* supra, and *Hoffstaedter* v. *Lichtenstein,* supra. These come, one from South Carolina and two from the lower appellate court of New York. The weight of authority, however, is to the contrary. *Coal River Collieries* v. *Eureka Coal & Wood Co.,* supra; *Farmers' State Bank of Newport* v. *Olaf Lamon,* supra.

Courts have been quite ready to open the case to parol evidence to explain the intention of the maker where there is anything on the face of the note giving rise to ambiguity. This view is well indicated by the cases cited by appellant. But where there is no ambiguity, the rule will not be relaxed. The intention of the parties must be ■ gathered from the instrument itself. Any other rule would tend to destroy the value of written instruments. *United Drug Co.* v. *Bedell,* 145 Ark. 96, 223 S. W. 372; *Savings Bank of San Diego County* v. *Central Market Co.,* 122 Cal. 28, 54 P. 273; *Exchange Bank of Marcus* v. *Schultz,* supra; *Herman* v. *Metropolitan Petroleum Co.,* 253 Ill. App. 536; *Belmont Dairy Co.* v. *Thrasher,* supra; *Cooper* v. *Sonk,* 201 Mich. 655, 167 N. W. 842; *Rudolph Wurlitzer Co.* v. *Rossmann,* 196 Mo. App. 78, 190 S. W. 636; *Baird* v. *Publishers' Nat'l Service Bureau,* 51 N. D. 374, 199 N. W. 757; *Coal River Collieries* v. *Eureka Coal & Wood Co.,* supra; *Way* v. *Lyric Theater Co.,* 79 Wash. 275, 140 P. 320; *Nunnemacher* v. *Poss,* 116 Wis. 444, 92 N. W. 375.

This court has many times held that in the absence of fraud, mistake, or ambiguity parol evidence is inadmissible

to vary or explain the terms of a written instrument. *Ezra D. Haskins* v. *John Dern,* 19 Utah 89, 56 P. 953; *Andrus* v. *Blazzard,* 23 Utah 233, 63 P. 888, 54 L. R. A. 354; *McCornick* v. *Levy,* 37 Utah 134, 106 P. 660; *Johnson* v. *Geddes,* 49 Utah 137, 161 P. 910; *Roe* v. *Schweitzer,* 55 Utah 204, 184 P. 938; *Combined Metals, Inc.* v. *Bastian,* 71 Utah 535, 267 P. 1020; *Last Chance Ranch Co.* v. *Erickson,* 82 Utah 475, 25 P. 2d 952; *Workman Motor Co.* v. *Pacific Finance Corp.,* 83 Utah 19, 26 P. 2d 961; *Hanson* v. *Greenleaf,* 62 Utah 168, 218 P. 969; *Fox Film Corp.* v. *Ogden Theatre Co.,* 82 Utah 279, 17 P. 2d 294, 90 A. L. R. 1299.

Defendant in his amended answer pleaded "mutual mistake between the payee and defendants herein in not adding the word 'secretary' after the name of Grant Morgan on the promissory note." Plaintiff objected to the filing of the amended answer, but his objection was overruled by the court. No question is raised here respecting that ruling. Evidence touching that issue had been admitted, and defendant stated he had no further evidence. The court found there was no mutual mistake. The only question before us, therefore, is as to the sufficiency of the evidence to support the court's finding. Counsel for defendant in their brief contend that the court in effect struck out or disregarded defendant's testimony tending to show mutual mistake. We read the findings differently. The court properly found that the word "Secretary" was not omitted after the signature of Grand Morgan as a result of a mutual mistake of the payee and Grant Morgan. This it did after receiving the evidence on that issue over plaintiff's objection and not striking such evidence, and after allowing defendant to amend and allege mutual mistake of the parties in that respect. We are bound to conclude that the court fully looked into the evidence before it found that there was no mutual mistake.

Before we should be justified in setting the judgment aside, we must be satisfied that the clear preponderance of the evidence is against such a finding. We are not so satis-

586

fied. To justify a finding of mutual mistake of fact, the evidence of such mistake must be clear, convincing, and satisfying. 3 Jones' Comm. on Evid., 2d Ed., 2784. A mistake on one side of a unilateral mistake of fact is ground for reversal only when such mistake is induced by fraud. 3 Jones' Comm. on Evid., 2d Ed., 2787; 53 C. J. 939. There is no allegation, or indeed any suggestion, that the mistake of Morgan was induced by fraud of the Sugar Banking Company. The testimony of Morgan was to the effect that he intended to sign as secretary to complete the signature of the corporation, that he was so authorized, but neglected to add the word "Secretary," and that he believed his signature as placed on the note had that effect. This would indicate that he was mistaken, not as to the fact, but as to the legal effect of his signature, and that he signed as he intended to sign. The mistake was one of his conception of the law from which he can obtain no relief. There was no evidence that the bank corporation joined in such mistake, if any. It accepted the note as made.

The judgment is affirmed with costs to the respondents.

HANSON, MOFFAT, WOLFE, and LARSON, JJ., concur.